UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBYN L. SLAPPY, a/k/a ROBYN BOYD,

    Defendant.

                                                  /

Case No. 06-13453

District Judge Victoria A. Roberts

Magistrate Judge R. Steven Whalen

## REPORT AND RECOMMENDATION

This is a student loan case. Pursuant to a stipulated order of consent judgment [Doc. #15], Defendant is liable to Plaintiff in the judgment amount of $10,100, plus post-judgment interest. Before the Court is Defendant's Request for Hearing about the Garnishment and Claim for Exemptions [Doc. #29], which was referred to me on July 26, 2012. Post-judgment objections to garnishment are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993); *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003).

For the reasons set forth below, I recommend that Defendant's objection to the garnishment and her claim for exemptions be DENIED.

### I. FACTS

Plaintiff accurately describes the procedural history of this case as follows:

> "Plaintiff filed suit in this matter on August 1, 2006, and Defendant was served with the Summons and Complaint on August 24, 2006. Defendant filed an Answer making a host of unfounded legal and factual allegations. Thereafter, Plaintiff, Defendant and Defendant's husband had a meeting at the office of Plaintiff's counsel to discuss settlement. As a result of that meeting, on October 23, 2006, Plaintiff and Defendant entered into a

>Compromise and Settlement Agreement, a copy of which is attached hereto as Exhibit A.  Under the terms of the Compromise and Settlement Agreement, Defendant was to settle the debt for the amount of $10,100.00.  The first payment was to be in the amount of $4,100.00 on December 10, 2006.  Thereafter, Defendant was to make monthly payments of $333.34.  Pursuant to the Compromise and Settlement Agreement, Defendant also executed a Stipulation for Order of Consent Judgment for $13,537.55, representing the full amount then due and owing on the debt.  Pursuant to the terms of the Agreement, the Consent Judgment would be entered only in the event the Defendant failed to make payments as agreed.  The matter was handled in this manner at Defendant's insistence, as she did not want a judgment entered against her.
>
>On October 24, 2006, pursuant to the terms of the Compromise and Settlement Agreement, the parties filed a Stipulation for Entry of Order of Conditional Dismissal [Dkt. 11].  On October 27, 2006, the Court entered a Stipulated Order of Conditional Dismissal [Dkt. 12].  When Defendant failed to make even the first payment due under the Agreement, Plaintiff filed an Affidavit of Non-Compliance and the Stipulation for Order of Consent Judgment on January 27, 2007 (Dkt. 13 and 14].  On February 14, 2007, this Court entered a Stipulated Order of Consent Judgment against Defendant [Dkt. 15]."

In her Request for Hearing and Claim for Exemptions [Doc. #29], Defendant concedes that she "made several attempts to begin repayment for a $2,000.00 and a $2,500.00 student loan beginning the week of April 12, 2004." *Id*. ¶ 1. She states that "[i]n the fall of 2006, a meeting was held with Debra Meggert of Holtman (sic), Ritter and Leduc, at that time, now, Holtman Corkery, in an attempt to begin repayment." *Id*. ¶ 2.  Contrary to the record in this case, Defendant states that there is no judgment against her. *Id*. ¶ 7.  In the Relief Requested portion of her Request, she asks first that "said case be dismissed with prejudice based upon the direct violations, bankruptcy code adherences and plaintiff never started a proper legal proceeding with currently named Defendants."  She then requests that the "loan be forgiven due to the fact they have exceeded 25 years and there are laws in place for forgiveness."

## II.   DISCUSSION

A judgment debtor who contests a writ of garnishment bears the burden of

showing he or she is entitled to an exemption. *United States v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

As to Defendant's request to dismiss this action, and her challenges to the validity of the judgment, I note that her motion to dismiss was denied on September 18, 2012 [Doc. #41]. Further, Defendant has not set forth any basis, under either Michigan or federal law, from which this Court could conclude that the property in issue is exempt from garnishment, nor has she provided any legal basis for the Court to order "forgiveness" of the loan.

### III.   CONCLUSION

I therefore recommend that Defendant's objection to the garnishment and her claim for exemptions [Doc #29] be DENIED.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than

twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                              s/ R. Steven Whalen
                                              R. STEVEN WHALEN
                                              UNITED STATES MAGISTRATE JUDGE

Date: October 26, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on October 26, 2012.

| | |
|---|---|
| Robyn L. Slappy<br>39201 Polo Club Dr<br>Farmington Hills, MI 48335-5626 | s/Johnetta M. Curry-Williams<br>Case Manager |